UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-cr-00032-FDW-DSC-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RONECA CHARNEE WHITE, ) | ORDER |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| TEACHERS INSUR. & ANNUITY ASSN. ) | |
| OF AMER., ) | |
| Garnishee. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's "Response to Government's Motion for Continuing Writ of Garnishment" (Doc. No. 174), in which Defendant requests this Court dismiss the Government's request for a Writ of Continuing Garnishment and allow Defendant to resume making $50 monthly restitution payments.

**BACKGROUND**

On November 3, 2011, a criminal judgment was entered against Defendant for conspiring to commit bank fraud and aiding and abetting. (Doc. No. 112). Defendant was sentenced to five years of probation, with the first eight months to be served on house arrest. The Court also ordered restitution in the amount of $347,173.53, with monthly payments of $50 to commence immediately. Defendant's probation was terminated early on February 23, 2016, and following release from probation, she failed to make timely restitution payments. The current total due and owing is $316,919.95. (Doc. No. 159).

1

On September 14, 2016, the Government applied for a Writ of Continuing Garnishment against Defendant, seeking to garnish Defendant's wages by twenty-five percent (25%). (Doc. No. 158). On September 15, 2016, the Court entered a Writ of Continuing Garnishment (Doc. No. 159), which was stayed pending "further Court determination" (Doc. No. 172). Defendant has now filed a "Response" requesting that the Court dismiss the Government's Motion and allow Defendant to resume making $50 monthly payments. (Doc. No. 174). Defendant also requests a hearing on this matter.

## ANALYSIS

Defendant's primary argument is that garnishing her wages by 25% would impose a financial hardship on her. She notes that she fell behind in making her $50 payments due to funeral and wedding expenses. She then sets forth her monthly income of $3,715.57 and necessary expenses of $3,205.25, which leaves her with $510.32 in disposable income each month. Included in Defendant's monthly expenses are $220 for telephone service, $156 for cable, and $368 for a car payment. Defendant contends that garnishing her wages by 25% will leave her with no disposable income and the inability to meet her financial obligations. She also points out that she is the least culpable of the three defendants in her case.

Section 3613 of the Mandatory Victim Restitution Act of 1996 ("MVRA") entitles the Government to collect a restitution judgment from any assets currently owned by or held for the benefit of a criminal debtor owing restitution. 18 U.S.C. § 3616. "The [MVRA] provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means," including collection methods under the Federal Debt Collection Procedures Act ("FDCPA"). United States v. Ekong, 518 F.3d 285, 286 (5th Cir. 2007). The

government specifically is permitted to enforce its judgments against all non-exempt property of a defendant. 18 U.S.C. § 3613(a). Where a court determines that the procedural requirements of the garnishment provisions are satisfied, the court "*shall issue*" the writ. 28 U.S.C. § 3205(c) (emphasis added).

Here, it appears the government has fulfilled its statutory obligations. Indeed, Defendant has not filed a request for any exemptions, nor does she challenge the validity of the Writ of Continuing Garnishment. Instead, she contends that assessing a writ of continuing garnishment of 25% is onerous and unwarranted.

Though the Court retains discretion to set and modify minimum required periodic payments related to restitution, Defendant has not demonstrated circumstances that would justify dismissal of the Writ of Garnishment. The government has not acted improperly or abusively. In fact, the Government has attempted to find an agreeable wage garnishment percentage or voluntary payment schedule, but Defendant has been unwilling to enter into an alternative voluntary payment agreement with the United States for more than $50 to $100 per month. Defendant's claim of financial hardship contradicts her admission that she is able to meet her reasonable living expenses, has sufficient discretionary income to provide for nonessential items such as cable television, and currently has $510.32 in disposable income each month. Moreover, whether Defendant was less culpable than her two co-defendants is irrelevant given that she is jointly and severally liable for the restitution amount. Accordingly, Defendant has not met her burden of showing that a garnishment of 25% is unwarranted. See 18 U.S.C. 3664(e).

In addition, Defendant requests a hearing to allow her to present evidence as to why the Court should dismiss the Government's request for a Writ of Garnishment and allow her to resume

paying $50 per month in restitution. However, the FDCPA limits the Court to considering specific issues at a hearing, including: (1) determining the validity of claimed exemptions; (2) compliance with statutory requirements for issuance of the post-judgment collection remedy requested; and (3) where judgment was entered by default, the validity of the debt and judgment. 28 U.S.C. § 3202(d). Here, Defendant has raised no such objections; therefore, she is not entitled to a hearing. See United States v. Picklesimer, No. 3:00CR0008, 2010 WL 2572850, at *2 (W.D.N.C. June 24, 2010).

## CONCLUSION

IT IS, THEREFORE, ORDERED that Defendant's request for a hearing (Doc. No. 174) is DENIED and her objections to the Government's application for a Writ of Garnishment and Court's entry of the Writ of Continuing Garnishment are OVERRULED.

IT IS FURTHER ORDERED THAT the Court's Order staying the Writ of Continuing Garnishment (Doc. No. 172) is TERMINATED.

IT IS SO ORDERED.

Signed: February 16, 2017

_____
Frank D. Whitney
Chief United States District Judge